UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLES MABE, </br></br> Plaintiff, </br></br> vs. </br></br> NORFOLK SOUTHERN RAILWAY COMPANY, </br></br> Defendant. | **COMPLAINT** </br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, Charles Mabe, by and through his attorneys, Daniel R. Francis and Timothy A. Sheriff, of the firm Crumley Roberts, LLP for their Complaint against the Defendant, Norfolk Southern Railway Company (hereinafter "Norfolk Southern"), states:

1. The Plaintiff is informed, believes, and therefore alleges that Defendant, Norfolk Southern, is now and was at all times hereinafter mentioned, a foreign corporation duly organized and created with a principal place of business in Norfolk, Virginia, authorized and conducting business in Linwood, Davidson County, North Carolina and was at all times hereinafter mentioned a common carrier in interstate transportation and commerce by railroad.

2. At all times pertinent hereto, Plaintiff resided in Lexington, North Carolina.

3. At all times pertinent hereto, Plaintiff's home terminal was Linwood Railroad Yard, Linwood, Davidson County, North Carolina.

4. At all times pertinent hereto, Plaintiff was employed by Defendant as a Conductor and RCO Operator and was engaged in the furtherance of Defendant's business interests and movement of freight in interstate and foreign commerce within the meaning of the Federal Employers' Liability Act, 45 U.S.C. §51-60.

5. The respective rights and remedies of the Plaintiff and Defendant are controlled by the Federal Employer's Liability Act, 45 U.S.C. §51-60 in that Plaintiff was an employee of the Defendant whose job duties closely and substantially affected interstate commerce at the time of the injuries alleged herein.

6. That on or about February 1, 2017, while employed as RCO Train Operator for Defendant Norfolk Southern, and during the course of his employment as a RCO Train Operator for Defendant Norfolk Southern, in Linwood, North Carolina, Plaintiff was violently and forcefully struck, without warning, by a car inspector truck driven by Defendant's employee, a Norfolk Southern Carmen.

7. The Defendant's employee, a Carman, was driving the Defendant's vehicle, a car inspector truck, in reverse, at a high rate of speed, in violation of company safety rules and struck Plaintiff at such a high rate of speed and force that the impact violently threw the Plaintiff from the assigned location he was performing his job causing him to land onto the rock ballast, ties, and railroad track structure.

8. The Defendant's Carman, prior to his unannounced reverse movement, did not activate the switches in the cab of the truck to turn on the rearward facing bright work lights or otherwise act to compensate for the inoperable reverse lights and inoperable reverse signal device. Instead, Defendant's driver moved, in an unsafe manner, in a reverse movement, striking Plaintiff.

9. That the Defendant's Car Inspector truck was defective, unsafe, and not in compliance with Federal Railroad Administration ("FRA"), North Carolina Department of Transportation ("NCDOT") and Norfolk Southern standards and regulations at the time of the collision with Plaintiff and for a substantial period of time prior to this collision at issue herein.

10. The Car Inspector truck had previously been involved in a collision during a reverse movement with another vehicle, a tractor of Defendant's, in which the Car Inspector trucks rear end including: it's bumper; reverse lights; reverse sounding signal; and other safety devices were rendered ineffective, broken, inoperable, or otherwise not performing as intended. The reverse signal device may even have been inoperable prior to this first collision.

11. This prior damage to the Car Inspector truck was known and apparent to the Defendant's managers and the Carmen operating the truck, as it was reported and yet was not timely, safely, or otherwise repaired prior to the collision. Further, the Car Inspector truck should have simply been pulled from service pending repair, instead it was purposefully and willfully allowed to remain in service. By rule, it is the foreman and manager's responsibility to timely repair defective equipment.

12. The Defendant made a willful decision to allow the unsafe, dangerous and unlawful Car Inspector truck to remain in active service regardless of the known and apparent safety equipment defects.

13. The Defendant's decision to permit the unsafe and defective equipment to remain in service was in direct violation of Defendant's own rules, policies, and procedures.

14. That the vehicle, which is licensed to operate upon the public roads of the State was not in compliance with the rules and regulations of the State of North Carolina nor FRA and the Department of Transportation regulations and other such regulations.

15. Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts and/or omissions of the Defendant or their officers, employees or agents in one or more of the following:

   a. Defendant failed to provide Plaintiff with a reasonably safe place to work;

b. Defendant failed to make the reasonably safe decision to remove the car inspector vehicle from service when it was first rendered defective and unsafe;

c. Defendant, through its employees, operated the vehicle in an unsafe manner while in a defective and unsafe condition;

d. Defendant failed to take reasonable steps to repair the vehicle prior to permitting it to remain in service;

e. Defendant failed to reasonably and timely repair the vehicle;

f. Defendant failed to ensure that there was a proper Flagman or person to ride point on the Car Inspector truck since it was not in compliance with the Defendant's own rules;

g. Defendant failed to provide reasonably safe methods of work;

h. Defendant failed to provide adequate safety and personal protective equipment;

i. Defendant failed to reasonably provide a Car Inspector vehicle in compliance with the North Carolina Department of Motor Vehicles rules and regulations as to the maintenance and repair of safety devices, lights, reverse alarms or other applicable regulations;

j. Defendant failed to reasonably provide a Car Inspector vehicle in compliance with the Department of Transportation rules and regulations as to the installation, maintenance and repair of safety devices, reverse lights, reverse alarms or other applicable regulations for operation of the vehicle in the Linwood Yard;

k. Defendant failed to reasonably provide a Car Inspector vehicle in compliance with the FRA rules and regulations as to the installation, maintenance and repair of safety devices, reverse lights, reverse alarms or other applicable regulations for operation of the vehicle in the Linwood Yard;

l. Defendant, through its employees, failed to operate the Car Inspector truck in accordance with the Defendant's own rules, regulations and procedures in that he moved the vehicle without keeping a careful look out and without use of lights or a reverse signal;

m. Defendant, through its employees, failed to perform the necessary daily vehicle inspections to the Car Inspector truck as required prior to operating the vehicle: and/or

n. Defendant, through its employees, failed to have another employee present to ensure the Car Inspector truck could make a safe reverse movement.

16. Defendant knew, or, in the exercise of proper diligence, should have known of the likelihood of injury from the foregoing acts and/or omissions.

17. As a result, in whole or in part, of the negligent conduct of the Defendant, Plaintiff was caused to suffer serious, painful and permanent injuries. Plaintiff suffered a closed fracture of transverse process of L1 and L2 lumbar vertebra, a traumatic injury with scar and disfigurement, as well as permanent change to the elbow bursa with a gritty fibrous posterior bursitis, numbness and tingling in his right hand, pain and weakness of his right leg, a lumbar sprain and disc injuries, acute left-sided low back pain, and a collapsed lung. Plaintiff continues and will continue to experience daily swelling, daily pain, daily suffering, daily depression, daily limitations and disabilities as a result of Defendant's unlawful conduct.

18. Plaintiff was caused to undergo medical treatment including tests, surgery, therapy and x-rays and will require future medical treatment. Plaintiff has sustained mental anguish including depression, anxiety and post-traumatic stress disorder (PTSD). Plaintiff is still actively treating and additional injuries will be supplemented as the case progresses.

19. Plaintiff has lost wages in excess of $100,000 to $125,000 per year including bonuses, fringe benefits, retirement annuities and will lose future wages and fringe benefits. Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and will be caused to expend further such sums for future medical treatment. Plaintiff has suffered great pain and will in the future have pain and suffering as a result of Defendant's negligence.

20. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage. Plaintiff has sustained damages in excess of $3 million dollars and which continue to increase.

WHEREFORE, Plaintiff, Charles Mabe prays for Judgement against the Defendant, Norfolk Southern Railway Company for a sum fair and reasonable under the circumstances, together with his costs herein expended and for other such relief as the Court shall deem just and proper.

Dated: May 17th, 2018

                Respectfully submitted

                */s/ Daniel R. Francis*_____
                Daniel R. Francis #44131

                */s/ Timothy A. Sheriff*_____
                Timothy Sheriff #49516
                CRUMLEY ROBERTS, LLP
                2400 Freeman Mill Road, Suite 200
                Greensboro, N.C. 27406
                Telephone: (336)333-9899
                Facsimile: (336)333-9894
                DRFrancis@CrumleyRoberts.com
                TASheriff@CrumleyRoberts.com

                *Attorneys for Plaintiff*